UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEVEN B. C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No.: 6:19-cv-00557-MK <br><br> OPINION AND ORDER[2] |

**KASUBHAI, Magistrate Judge**:

Plaintiff Steven B. C. brings this action for judicial review of the decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons discussed below, the Court reverses and remands this case for immediate calculation and award of benefits.

### BACKGROUND

On September 25, 2014, Plaintiff protectively filed an application for Social Security Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties in this case.
[2] The parties consented to full jurisdiction by a U.S. Magistrate Judge. ECF No. 5.

1 – OPINION AND ORDER

on November 25, 2012. Tr. 348-49; Tr. 352-57. On June 30, 2017, Plaintiff amended his onset date to September 26, 2013. Tr. 365. After a hearing, on August 9, 2017, Administrative Law Judge ("ALJ") Robert Frank Spaulding issued a fully favorable decision finding Plaintiff disabled since September 26, 2013. Tr. 188-199. On January 3, 2018, the Appeals Council vacated the ALJ's fully favorable decision and remanded for additional proceedings with instructions. Tr. 200-05.

On June 6, 2018, a second hearing occurred before the same ALJ. Tr. 14. On August 21, 2018, the ALJ issued a partially favorable decision, finding that Plaintiff "was not disabled prior to June 26, 2018, but became disabled on that date[.]" Tr. 25. Plaintiff sought review from the Appeals Council. On February 22, 2019, the Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review of the ALJ's partially favorable decision.

## THE ALJ'S FINDINGS

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. *Id.*; *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

At step one, the Commissioner determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of September 26, 2013. Tr. 16. Plaintiff met the insured status requirements through December 31, 2017. Tr. 16.

At step two, the Commissioner determines whether the claimant has one or more severe impairments that are expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). Here, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine with lumbar disc herniations; degenerative disc disease of the cervical spine; status-post left 5th finger amputation and chronic and phantom pain; and a depressive disorder[.]" Tr. 17. The ALJ also found that the medical evidence mentioned "a perineal abscess, an abscess of the groin, and kidney stones." Tr. 17. The ALJ found, however, that the abscesses and kidney stones impairments were non-severe. Tr. 17.

At step three, the Commissioner determines whether any of those impairments "meets or equals" one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)(ii). The Commissioner then assesses the claimant's residual functional capacity ("RFC"). *Id.* The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in the Listings. Tr. 17. The ALJ then assessed Plaintiff's RFC and found that Plaintiff had the RFC to perform sedentary work with the additional limitations:

> he can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. He can frequently stoop, but only occasionally kneel, crouch, or crawl. He can occasionally reach overhead. He can frequently handle and finger with the left-non-dominant hand. He can perform only simple routine tasks consistent with a General Education Development (GED) reasoning level of two or less, and unskilled work as defined by the Dictionary of Occupational Titles (DOT). He can tolerate occasional interaction with supervisors, coworkers, and the public. He can perform only goal-oriented work (e.g. office cleaner), but is unable to perform at a production rate pace (e.g. assembly-line work).

Tr. 18-19.

At step four, the Commissioner determines whether the claimant's RFC allows for any past relevant work. *Id.* Here, the ALJ found that Plaintiff is unable to perform any past relevant work as a cashier II, woodworking machine feeder, short order cook, construction worker II, or driver sales route. Tr. 22-23. The vocational expert testified that a hypothetical person with Plaintiff's RFC could not perform his past relevant work. Tr. 23.

At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). After considering the vocational expert's testimony on available occupations for a person with Plaintiff's RFC, the ALJ found that Plaintiff could work as an addresser; surveillance system monitor; and hand packager, which are all unskilled jobs with physical exertion ranging from sedentary to light. Tr. 24.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the

administrative record as a whole, "weighing both the evidence that supports and detracts from the ALJ's conclusion." *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

Plaintiff contends that the ALJ erred in (1) rejecting Dr. Moore's opinion; (2) failing to adequately consider Plaintiff's borderline age situation; (3) finding that Plaintiff could perform other work existing in significant numbers in the national economy; (4) rejecting Dr. Craig's opinions; (5) rejecting lay witness testimony; (6) rejecting Plaintiff's testimony; and (7) failing to include all of Plaintiff's limitations in determining Plaintiff's residual functional capacity ("RFC") and vocational hypothetical questions. Pl. Br. 12-34, ECF No. 15. The Court first addresses the issue of Plaintiff's borderline age situation.

## I. The Issue of Plaintiff's Borderline Age Situation

The ALJ determined that on June 26, 2018, Plaintiff's age category changed from a "younger individual age 45-49" to "an individual closely approaching advanced age." Tr. 24. Plaintiff contends that the ALJ failed to apply an older age category because he was in a borderline age situation on December 31, 2017, his date of last insured. Pl. Br. 15-20, ECF No. 15.

Plaintiff has made a *prima facie* showing that he suffers from severe impairments that prevent him from doing his past relevant work. Tr. 22-23. The Commissioner must show that plaintiff can perform some other work that exists in substantial numbers in the national economy, considering plaintiff's RFC, age, education, and work experience. *Lockwood v. Comm'r*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner can meet the burden either by using a vocational expert's testimony, or by applying the Medical-Vocational Guidelines.[3] *Id.* The

---

[3] The Medical-Vocational Guidelines are "commonly referred to as the grids." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

Medical-Vocational Guidelines use three age categories for evaluating claimants: (1) younger person, for claimants under age 50; (2) person closely approaching advanced age, for claimants between ages 50-54; and (3) person of advanced age, for claimants age 55 or older. *Id.* (citing 20 C.F.R. § 404.1563(c)-(e)). The regulation defining borderline age provides:

> When we make a finding about your ability to do other work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. *We will not apply the age categories mechanically in a borderline situation.* If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b) (emphasis added).

When Plaintiff's insured status expired on December 31, 2017, Plaintiff was less than six months from entering the age category of "person closely approaching advanced." Pl. Br. 15, ECF No. 15. When a claimant is within a few months of reaching an older age category, the ALJ should evaluate the claimant under the next higher age category if the higher age category would result in the claimant being found disabled. 20 C.F.R. § 404.1563(b). Thus, Plaintiff satisfies the first part of the of the borderline age regulation. *See Adkins v. Colvin*, 672 F. App'x 739, 740 (9th Cir. 2017) (holding that "the ALJ did not abuse his discretion in finding that [plaintiff] Adkins reached advanced age on November 1, 2010, even though he did not turn 55 until approximately six months later").

To assist ALJs in applying the borderline age regulation, the Commissioner has issued instructions in the Program Operations Manual System (POMS), and in the Hearings, Appeals and Litigation Law Manual (HALLEX). POMS instructs the ALJ to: "Document how you considered borderline age whether you allow or deny the claim: Explain your decision to use the

next higher age category or your decision to use the claimant's chronological age, including the case-specific supporting factors." POMS DI 25001.006.G.[4] Similarly, HALLEX states that:

> The ALJ will explain in the decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered. NOTE: Even when the ALJ is using the higher age category to issue a favorable decision, the ALJ must identify the specific factors that support the use of the higher age category.

HALLEX I-2-2-42.C.5.[5]

Here, the ALJ used Plaintiff's chronological age in determining disability. Tr. 23. The ALJ noted that Plaintiff was a "younger individual age of 45-49" prior to Plaintiff's alleged disability onset date of September 26, 2013. Tr. 23. Despite citing 20 C.F.R. § 404.1563, the ALJ did not engage in any discussion of the issue of Plaintiff's borderline age situation. Tr. 23. Plaintiff argues that the ALJ failed to explain that he considered Plaintiff's borderline age situation, to state whether he applied the next higher age category or the chronological age, and to state case-specific supporting factors. Pl. Br. 19, ECF No. 15.

The Commissioner contends that the ALJ was not required to consider the Plaintiff's borderline age issue. Def. Br. 8-10, ECF No. 16. The Commissioner relies on the Ninth Circuit's decision in *Lockwood* that "the POMS guidance is not a persuasive interpretation of the regulation" because the regulation required "only that the ALJ consider whether to use the older age category; and it does not impose any obligation to make express findings incorporated in the ALJ's opinion." *Lockwood*, 616 F.3d at 1073.

In *Lockwood*, the Ninth Circuit stated that the POMS in effect at the time of the ALJ's decision "did not require the ALJ to provide an express explanation of the borderline age issue."

---

[4] POMS DI 25015.006 was last updated July 6, 2017.
[5] HALLEX I-2-2-42.C.5 was last updated March 25, 2016.

*Id.* The court also rejected plaintiff Lockwood's reliance on a later version of POMS, which required ALJs to identify specific factors that would support using the claimant's chronological age. The court ruled that because HALLEX did not include such a requirement, HALLEX and POMS at the time were inconsistent and therefore not entitled to substantial weight. *Id.* & n.6.

However, after the *Lockwood* decision in 2010, the Commissioner in a Social Security Ruling ("SSR") stated: "We require adjudicators at all levels of administrative review to follow agency policy, as set out in the Commissioner's regulations, SSRs, Social Security Acquiescence Rulings (ARs), and other instructions, such as the Program Operations Manual System (POMS), Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX)." SSR 13-2.15.a.[6] The Commissioner further stated: "All adjudicators must follow our instructions." *Id.* The Commissioner has also revised both POMS in 2017 and HALLEX in 2016, so that they are now consistent with one another,[7] negating one of the *Lockwood* court's reasons for discounting the persuasiveness of POMS and HALLEX. *See Trevino v. Berryhill*, No. 7:16-cv-684, 2018 WL 1629211, at *13 n.13 (S.D. Tex. Mar. 3, 2018) ("[T]he amended HALLEX provisions now in effect require ALJs to 'explain in the decision that he or she considered the borderline age situation,' and 'note the specific factor(s) he or she considered'") (quoting HALLEX 1-2-2-42.C.5), adopted, 2018 WL 1626365 (S.D. Tex. April 4, 2018).

In addressing the POMS provisions, the Supreme Court noted: "While these administrative interpretations are not products of formal rulemaking, they nevertheless warrant respect." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385-86 (2003) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-140 (1944)). Similarly,

---

[6] SSR 13-2 became effective March 22, 2013.
[7] Plaintiff notes that HALLEX cross-references POMS, instructing ALJs to consider POMS's examples of borderline age situations. Pl. Br. 19-20, ECF No. 15.

the Ninth Circuit previously held that although HALLEX is "strictly an internal Agency manual, with no binding legal effect on the Administration or this court," "as an Agency manual, HALLEX is 'entitled to respect' under *Skidmore* to the extent that it has the 'power to persuade.'" *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (citations omitted). Following the Supreme Court's and the Ninth Circuit's guidance, the Court finds that the Commissioner's current interpretation of the borderline age regulation is "entitled to respect."

POMS and HALLEX instruct ALJs to explain why they used a claimant's chronological age in borderline age situations. "The requirement of an explanation isn't conjured out of the ether. The regulation [20 C.F.R. § 404.1563(b)] specifically states that ALJs 'will consider' whether to give a claimant the benefit of the doubt in borderline cases." *McKay v. Colvin*, No. 15 c 9522, 2016 WL 6432582, at *5 (N.D. Ill. Oct. 31, 2016). By requiring ALJs to explain how they applied the borderline age regulation, ALJs would promote judicial review of the Commissioner's decisions. *See Young v. Colvin*, No. CV 15-7874, 2016 WL 3124652, at *5 (C.D. Cal. May 31, 2016) (noting that the Ninth Circuit "recently emphasized its dislike of such formulaic decision-writing") (citing *Treichler v. Comm'r*, 775 F.3d 1090, 1102 (9th Cir. 2014); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)). Therefore, the ALJ erred in failing to explain why he used Plaintiff's chronological age rather than the next higher age category.

Plaintiff also argues that the ALJ did not note that he considered any specific factor. Pl. Br. 16, ECF No. 15. HALLEX instructs that:

> The ALJ will consider all other factor(s) relevant to the case (e.g., residual functional capacity combined with age, education, and work experience as explained in 20 CFR 404.1563, 416.963, and Part 404, Subpart P, Appendix 2) for each of the medical-vocational rules for chronological age and the higher age category. The ALJ will consider whether an adjudicative factor(s) is relatively more adverse under the criteria of each rule, or whether there is an additional element(s) present that seriously affects a claimant's ability to adjust to other

> work. Examples of situations where certain factors may impact the case can be found in POMS DI25015.006E.

HALLEX I-2-2-42.C.2.

> Additionally,
>
> The [POMS] section covering borderline age cases, DI.25015.006, suggests that additional impairments are those that do not reduce an RFC from one level to another – say, from light work to sedentary work – but do reduce the vocational base within that RFC. The section gives the example of an individual of borderline age with a light RFC who has an additional impairment that precludes overhead reaching. This would not erode the base enough to drop the individual to a sedentary RFC, but it would be enough to support placing the individual in the higher age category. If the individual had an additional impairment that did significantly erode the light work vocational base – the section cites a 4-hour limitation on standing/walking as an example – that would reduce the RFC category to sedentary and, as the additional impairment was already accounted for, it would be inappropriate to account for it again by also placing the individual in the next highest age category.

*McKay*, 2016 WL 6432582, at *6 (citations omitted).

Here, the ALJ found that Plaintiff had the following additional impairments that reduced the range of jobs Plaintiff could perform:

> he can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. He can frequently stoop, but only occasionally kneel, crouch, or crawl. He can occasionally reach overhead. He can frequently handle and finger with the left-non-dominant hand. He can perform only simple routine tasks consistent with a General Education Development (GED) reasoning level of two or less, and unskilled work as defined by the Dictionary of Occupational Titles (DOT). He can tolerate occasional interaction with supervisors, coworkers, and the public. He can perform only goal-oriented work (e.g. office cleaner), but is unable to perform at a production rate pace (e.g. assembly-line work).

Tr. 18-19. Based on these findings, Plaintiff had the additional impairments that "seriously affect[ed]" Plaintiff's "ability to adjust to other work" which justify applying the higher age category. HALLEX I-2-2-42.C.2; *see McKay*, 2016 WL 6432582, at *6.

Under the borderline age regulation, a claimant who is closely approaching advanced age, limited to sedentary work and in education, with skilled or semiskilled

previous work experience, is disabled. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 201.10. Accordingly, Plaintiff is disabled.

## II. Remaining Issues

Because Plaintiff is disabled when the higher age category is applied, the Court does not address the remaining issues raised by Plaintiff.

## CONCLUSION

For the reasons set forth above, the Court reverses and remands this case for immediate calculation and award of benefits.

DATED this 6th day of April 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge