UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEVEN B. C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No.: 6:19-cv-00557-MK <br><br> OPINION AND ORDER[2] |

**KASUBHAI, Magistrate Judge**:

      Plaintiff Steven B. C. sought judicial review of the decision by the Commissioner ("Commissioner") of the Social Security Administration ("Agency") denying his application for Disability Insurance Benefits under the Social Security Act (the "Act"). On April 6, 2020, this Court reversed and remanded this case for immediate calculation and award of benefits. Op. and Order, ECF No. 21; J., ECF No. 22. Before the Court is Plaintiff's Motion for Award of Fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). Pl.'s Mot., ECF No. 23. Plaintiff applies for award of fees in the amount of $12,756.28. *Id.* at 1. The Commissioner

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties in this case.
[2] The parties consented to full jurisdiction by a U.S. Magistrate Judge. ECF No. 5.

1 – OPINION AND ORDER

opposes on the sole ground that the government's position was substantially justified. Def.'s Resp. 2, ECF No. 26; Pl.'s Reply, 1-2, ECF No. 27.

Under the EAJA, a court shall award fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Where … a movant under the EAJA has established that it is a prevailing party, the burden is on the government to show that its litigation position was substantially justified on the law and the facts." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir.), *cert. denied sub nom. Dep't of Homeland Sec. v. Ibrahim*, 140 S. Ct. 424, 205 L. Ed. 2d 241 (2019) (internal quotation marks omitted). "To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree'[,] but only that its position is one that 'a reasonable person could think it correct, that is, [that the position] has a reasonable basis in law and fact.'" *Id.*

Here, because the parties do not dispute that Plaintiff is the prevailing party, the Commissioner bears the burden to show that the government's position was substantially justified. *See id*. At judicial review, the Commissioner's position was that "the POMS [Program Operations Manual System] and HALLEX [Emergency Messages, and the Hearings, Appeals and Litigation Law manual] are not judicially enforceable and that under *Lockwood v. Comm'r*, 616 F.3d 1068 (9th Cir. 2010), the ALJ was not required to undertake any particular discussion of a borderline age situation notwithstanding a HALLEX to the contrary." Def.'s Resp. 2, ECF No. 26. In opposing Plaintiff's motion for award of fees, the Commissioner contends that, while the Court found the ALJ erred by failing to explain how he considered the borderline age situation, "the Commissioner's

position has enjoyed a string of successes in various federal courts (including this one)." *Id.* at 2-4 (citing *Dattilo v. Berryhill*, 773 F. App'x 878, 882 (9th Cir. 2019) (unpublished); *Mark S. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-CV-00629-BR, 2020 WL 1917332 (D. Or. Apr. 20, 2020); *Jeanne E. v. Saul*, No. 6:18-CV-01722-SB, 2020 WL 602279 (D. Or. Feb. 7, 2020); *Black v. Berryhill*, No. 1:17-CV-01208-SKO, 2018 WL 6184605 (E.D. Cal. Nov. 27, 2018); *Dattilo v. Berryhill*, No. 5:16-CV-05552-HRL, 2018 WL 827907, at *9 (N.D. Cal. Feb. 12, 2018), *aff'd*, 773 F. App'x 878 (9th Cir. 2019)).

Plaintiff argues that the Court must focus on two questions. First, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court. Pl.'s Reply 2, ECF No. 27 (citing *Gutierrez v. Barnhard*, 274 F.3d 1255, 1259 (9th Cir. 2001)). Plaintiff contends that because the ALJ failed to "comply with 20 C.F.R. § 404.1563(b)[,] SSR 13-2[p] and the HALLEX and POMS policy mandates[,]" the Agency's position was based on violations of its own regulations. *Id.* at 5. Consequently, Plaintiff contends that the Commissioner's litigation position was not substantially justified. *Id.* at 6 (citing *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996) ("A finding than [sic] an agency's position was substantially justified when the agency's position was based on violations of the Constitution, federal statute or the agency's own regulations, constitutes an abuse of discretion.")).

The Agency's regulation 20 C.F.R. § 404.1563(b) provides:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

According to the Ninth Circuit, this regulation does not require the ALJ to explain the reason why he did not choose an older age category. Specifically, in *Lockwood*, the Ninth Circuit stated: "Although an ALJ is required by regulation to *consider* whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1070 (9th Cir. 2010) (citing 20 C.F.R. § 404.1563(b)) (emphasis added).

Following the *Lockwood* decision, the Commissioner issued Social Security Ruling 13-2p and revised HALLEX AND POMS. As explained in this Court's earlier Opinion and Order:

> [A]fter the *Lockwood* decision in 2010, the Commissioner in a Social Security Ruling ("SSR") stated: "We require adjudicators at all levels of administrative review to follow agency policy, as set out in the Commissioner's regulations, SSRs, Social Security Acquiescence Rulings (ARs), and other instructions, such as the Program Operations Manual System (POMS), Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX)." SSR 13-2[p].15.a. The Commissioner further stated: "All adjudicators must follow our instructions." *Id.* The Commissioner has also revised both POMS in 2017 and HALLEX in 2016, so that they are now consistent with one another, negating one of the *Lockwood* court's reasons for discounting the persuasiveness of POMS and HALLEX. *See Trevino v. Berryhill*, No. 7:16-cv-684, 2018 WL 1629211, at *13 n.13 (S.D. Tex. Mar. 3, 2018) ("[T]he amended HALLEX provisions now in effect require ALJs to 'explain in the decision that he or she considered the borderline age situation,' and 'note the specific factor(s) he or she considered'") (quoting HALLEX 1-2-2-42.C.5), adopted, 2018 WL 1626365 (S.D. Tex. April 4, 2018).

Op. and Order 8, ECF No. 21 (footnotes omitted).

Despite the issuance of SSR 13-2p and the revisions of HALLEX and POMS, the Ninth Circuit in 2019 again held that 20 C.F.R. § 404.1563(b) does not impose the requirement for an ALJ to explain why an older age category is not used. Specifically:

> If a claimant is "within a few days to a few months of reaching an older age category," an ALJ may consider using the older age category in certain cases, 20 C.F.R. § 404.1563(b), but the ALJ is not required to do so and need not explain why an older age category was not used. *Lockwood*, 616 F.3d at 1069–71. The

> ALJ is "required by regulation only to *consider* whether to use the older age category." *Id.* at 1069 (emphasis added).

*Dattilo v. Berryhill*, 773 F. App'x 878, 881–82 (9th Cir. 2019).

Recently, this District also addressed the issue whether an ALJ is required to explain why an older age category is not used after the issuance of SSR 13-2p and revisions of POMS and HALLEX. *Mark S. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-CV-00629-BR, 2020 WL 1917332, at *4 (D. Or. Apr. 20, 2020). Senior Judge Brown discussed the issue as follows:

> "[E]ven after the promulgation of SSR 13-2p on February 20, 2013, the Ninth Circuit has continued to cite ... *Lockwood* for the proposition that the Agency's internal policy manuals such as [POMS and] HALLEX do not give rise to any legally enforceable rights." *Kathleen S.[ v. Saul*, No. 3:19-cv-00651, ]2020 WL 353602, at *7 (S.D. Cal. Jan. 21, 2020) (citing *Wilson [v. Berryhill]*, 732 F. Appx [504,] 507 (9th Cir. 2018); *Withrow v. Colvin*, 672 F. App'x 748, 749 (9th Cir. 2017); *Whitten v. Colvin*, 642 F. App'x 710, 713 (9th Cir. 2016); *Durden v. Colvin*, 546 F. App'x 690, 690-91 (9th Cir. 2013)). Plaintiff's argument that SSR 13-2p establishes a requirement that the ALJ is required to explain his decision in light of the factors set out in POMS and/or the HALLEX also has been rejected by district courts in the Ninth Circuit. *See, e.g., Jeanne E.[ v. Saul*, No. 6:18-CV-01722-SB,] 2020 WL 602279, at *5 (D. Or. Feb. 7, 2020); *Hanh L. v. Comm'r*, 2019 WL 5858187, at *5 ("SSR 13-2p, which Plaintiff cites in support of the argument that POMS is binding on Agency adjudicators ... is inapplicable here and does not change this Court's application of *Lockwood*."); *Martinez v. Colvin*, No. 6:14-cv-01703-MC, 2016 WL 270911, at *5 (D. Or. Jan. 20, 2016); *Kathleen S.*, 2020 WL 353602, at *7; *Elias v. Comm'r*, No. CV-18-00200-TUC-RCC (DTF), 2019 WL 4296779, at *3 (D. Ariz. Sept. 11, 2019); *Hollen v. Comm'r*, No. 15-2357, 2017 WL 1075194, at *8-*9 (S.D. Cal. Mar. 22, 2017).

*Id.*

In the instant matter, this Court explained its reasoning in finding that the ALJ erred in failing to explain why he did not use older age category:

> In addressing the POMS provisions, the Supreme Court noted: "While these administrative interpretations are not products of formal rulemaking, they nevertheless warrant respect." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385-86 (2003) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-140 (1944)). Similarly, the Ninth Circuit previously held that although HALLEX is "strictly an internal Agency manual, with no binding legal effect on the Administration or this court," "as an Agency

> manual, HALLEX is 'entitled to respect' under *Skidmore* to the extent that it has the 'power to persuade.'" *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (citations omitted). Following the Supreme Court's and the Ninth Circuit's guidance, the Court finds that the Commissioner's current interpretation of the borderline age regulation is "entitled to respect."
>
> POMS and HALLEX instruct ALJs to explain why they used a claimant's chronological age in borderline age situations. "The requirement of an explanation isn't conjured out of the ether. The regulation [20 C.F.R. § 404.1563(b)] specifically states that ALJs 'will consider' whether to give a claimant the benefit of the doubt in borderline cases." *McKay v. Colvin*, No. 15 c 9522, 2016 WL 6432582, at *5 (N.D. Ill. Oct. 31, 2016). By requiring ALJs to explain how they applied the borderline age regulation, ALJs would promote judicial review of the Commissioner's decisions. *See Young v. Colvin*, No. CV 15-7874, 2016 WL 3124652, at *5 (C.D. Cal. May 31, 2016) (noting that the Ninth Circuit "recently emphasized its dislike of such formulaic decision-writing") (citing *Treichler v. Comm'r*, 775 F.3d 1090, 1102 (9th Cir. 2014); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)). Therefore, the ALJ erred in failing to explain why he used Plaintiff's chronological age rather than the next higher age category.

Op. and Order 8-9, ECF No. 21.

In view of the above, case law is not settled on the issue whether 20 C.F.R. § 404.1563(b) and SSR 13-2p require ALJs to explain their reasons in not choosing an older age category. While this Court found that the Commissioner's current interpretation of the borderline age regulation in POM and HALLEX is "entitled to respect," these internal policy manuals of the Agency "do not give rise to any legally enforceable rights." *Mark S.*, No. 3:19-CV-00629-BR, 2020 WL 1917332, at *4 (citations omitted); *Jeanne E.*, No. 6:18-CV-01722-SB, 2020 WL 602279, at *5. Therefore, the Agency's position has a reasonable basis in law and fact. *See Ibrahim*, 912 F.3d at 1167. As a result, the Commissioner's position in defending the Agency's position is substantially justified.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Award of Fees under the EAJA is denied.

DATED this 7th day of August 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge

7 – OPINION AND ORDER